SIGNED THIS: July 10, 2012

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARLYN JOE JOHNSON, | ) | Case No. 11-82850 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| JANET JOHNSON and STEVEN A. WAKEMAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adv. No.   12-8021 |
| | ) | |
| ARLYN JOE JOHNSON, | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the motion for summary judgment brought by Janet Johnson (JANET) and Steven A. Wakeman (WAKEMAN), the Plaintiffs, on their complaint filed against Arlyn Joe Johnson, the Defendant (DEFENDANT), alleging that a debt arising out of a Marital Settlement Agreement for attorney fees incurred in the dissolution proceedings is nondischargeable pursuant to section 523(a)(5) of the Bankruptcy Code.

The facts are not disputed. JANET and the DEFENDANT were married in 1974. In 2009, the DEFENDANT filed a petition for dissolution. WAKEMAN represented JANET in those proceedings. In 2011, the parties entered into a Marital Settlement Agreement which provided that the DEFENDANT would pay to WAKEMAN the sum of $2,500, as his contribution towards JANET'S attorney fees and that his obligation would be "specifically non-dischargeable in any future bankruptcy" he might file. The marital settlement agreement was approved by the state court and incorporated in the Judgment of Dissolution entered on May 17, 2011.

The DEFENDANT filed a voluntary Chapter 7 bankruptcy petition on November 15, 2011, scheduling the obligation to WAKEMAN as unsecured debt. The Plaintiffs brought this adversary proceeding seeking a determination that the debt is nondischargeable under section 523(a)(5) as a domestic support obligation as defined by section 101(14A). In his answer, the DEFENDANT denied that the obligation was nondischargeable, asserting that, at the time he entered into the agreement, he did not understand the ramifications of the provision regarding the nature and payment of the debt for JANET'S attorney fees. In his portion of the pretrial statement submitted to the Court, the DEFENDANT asserted that because his obligation to pay a portion of JANET'S attorney fees is to be paid directly to WAKEMAN, rather than to JANET herself, it does not qualify as a domestic support obligation. The Plaintiffs filed a motion for summary judgment, which was taken under advisement by the Court. The DEFENDANT has failed to respond to the motion.

Section 523(a) of the Bankruptcy Code excepts from discharge debts for a "domestic support obligation." Section 101(14A) defines a domestic support obligation as:

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title. . . .

11 U.S.C. § 101(14A).

Section 523(a)(15) excepts from discharge any debt:

> To a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

The Plaintiffs' reliance upon the DEFENDANT'S agreement to the characterization of the debt as being in the nature of "spousal support," is misdirected and their focus upon section 523(a)(5) alone is too narrow. After the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the distinction between domestic support obligations and other types of obligations arising out of a marital relationship are of no practical consequence in actions to determine the dischargeability of debts in a Chapter 7 case. *In re Golio*, 393 B.R. 56 (Bankr.E.D.N.Y. 2008). Section 523(a)(15), which excepts from discharge property settlement obligations incurred pursuant to a dissolution, was markedly changed by BAPCPA and protects those debts which do not meet the test of "domestic support obligations" under section 523(a)(5).[1]

The only issue presented here is whether the DEFENDANT'S obligation to pay the fees directly to WAKEMAN causes the debt to fall outside either exception from discharge. That question is well settled and the answer is that it does not. As applicable here, the statutory language of section 523(a)(5) provides that the debt be "owed to or recoverable by" the spouse. Courts have not interpreted the statute literally, looking instead to the nature of the debt and not to whom the debt is owed. As Judge Black noted in *In re Papi*, 427 B.R. 457, 463-64 (Bankr.N.D.Ill. 2010), although not directly decided by the Seventh Circuit, virtually every lower court within the Seventh Circuit has determined that awards of attorney fees incurred by a former spouse in dissolution proceedings are nondischargeable, notwithstanding a provision that the fees be paid directly to the attorney. The language of section 523(a)(15), providing that the debt be "to a . . . former spouse," though more restrictive, has been similarly interpreted and the majority of courts deciding the issue under this statutory provision have

---

[1] BAPCPA took effect on October 17, 2005.

reached the same result.  *In re Johnson*, 445 B.R. 50 (Bankr.D.Mass. 2011); *In re Chris Koscielski*, 2011 WL 338634 (Bankr.N.D.Ill. 2011); *In re Tarone*, 434 B.R. 41 (Bankr.E.D.N.Y. 2010).  Moreover, as Judge Black noted in *In re Papi*, there is nothing in the Marital Settlement Agreement or the Judgment of Dissolution in this case which indicates that Janet is no longer liable for the amount of attorney fees which the Defendant is obligated to pay or that her liability will be absolved if he fails to meet his obligation.

Finally, by failing to file a response to the Plaintiffs' motion for summary judgment, the DEFENDANT has waived his argument that he did not understand the legal ramifications of his agreement to the future nondischargeability of his obligation to pay a portion of JANET'S attorney fees to WAKEMAN.  Had it not been waived, however, this Court would have rejected it out of hand. The DEFENDANT was represented by counsel.  Paragraph 19, containing the provision regarding the payment of fees to WAKEMAN, could not be any more specific.   It provides, in pertinent part:

> Attorney Fees.    The husband will pay to Attorney Steve Wakeman the sum of $2,500.00 as contribution towards wife's attorney's fees and costs.  Judgment is given for Attorney Steve Wakeman and against Arlyn Johnson in the amount of $2,500.00.  The parties agree that it is intended that his $2,500.00 is specifically non-dischargeable in any future bankruptcy filed by Arlyn Johnson.  Arlyn Johnson agrees that such contribution towards his wife's attorney's fees shall not be dischargeable in the event of bankruptcy as such payment is in the nature of spousal support.

His obligation to pay the fees is nondischargeable under section 523(a) of the Bankruptcy Code.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.   A separate Order will be entered.

###